UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:16-CV-1290-JAR ) |
| EVANSTON INSURANCE COMPANY, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Evanston Insurance Company's fully briefed motion to dismiss Plaintiff State Auto Property and Casualty Company's complaint (Doc. No. 9).

There is a pending products liability personal injury action in the Circuit Court of St. Clair County, Illinois, styled <u>Catherine Bauer v. 1st Phorm International, LLC, Buff Enterprises, and Jordan Pea</u>, Case No. 13-L-390 (the "Bauer lawsuit"). State Auto is defending Buff Enterprises and Jordan Pea in the Bauer lawsuit as insureds under its Business Owners Policy No. BOP 2588453, issued to Buff Enterprises for the period March 1, 2011 to March 1, 2012; Evanston is defending 1st Phorm under its Policy No. SP 858885, issued to 1st Phorm for the period October 28, 2012 to October 28, 2013.

State Auto seeks a declaration from this Court that Buff Enterprises and Pea are additional insureds under Evanston's policy, thereby obligating Evanston to provide them with a defense of the Bauer lawsuit. A copy of the State Auto policy was attached to State Auto's petition for declaratory judgment; a copy of the Evanston policy was not. Evanston moves to

1

dismiss State Auto's complaint on the grounds that its policy provides no coverage for the Bauer lawsuit. Specifically, Evanston argues there is no coverage for Buff Enterprises and Pea because (1) they did not sell any product; (2) their acts allegedly caused or contributed to Bauer's injury; and (3) they relabeled the products.

Following a scheduling conference on January 31, 2017, the Court directed the parties to confer to address the Court's concerns about its ability to fully consider the Evanston policy in ruling on Evanston's motion to dismiss (Doc. Nos. 19, 21). The Court is now in receipt of the parties' Joint Submission on Case Status advising they have been unable to reach a consensus on the best way to resolve this case on the merits (Doc. No. 22).

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the sufficiency of the plaintiff's petition. Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001). In ruling on a motion to dismiss, the Court "accept[s] the allegations contained in the complaint as true and draw[s] all reasonable inferences in favor of the nonmoving party." Cole v. Homier Dist. Co., Inc., 599 F.3d 856, 861 (8th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The court tests the sufficiency of a petition for declaratory judgment not by determining whether plaintiffs are entitled to the relief prayed for, but by asking whether they are entitled to a declaration of rights or status on the facts pleaded. State ex rel. Petti v. Goodwin-Raftery, 190 S.W.3d 501, 504 (Mo. Ct. App. 2006); Farm Fire & Cas. Co. v. Alberici, 852 S.W.2d 388, 389 (Mo. Ct. App. 1993). The petition must state facts which support its allegations and demonstrate a justiciable controversy. Goodwin-Raftery, 190 S.W.3d at 504.

Upon review, State Auto's petition states facts demonstrating a justiciable controversy between the parties regarding Evanston's obligation to share the costs of defending against the Bauer lawsuit. State Auto alleges that the Additional Insured-Vendors endorsement of

Evanston's Policy No. SP858885 provides coverage to Buff Enterprises and Jason Pea with respect to the sale of 1st Phorm International's products, but that Evanston has declined to defend them in the Bauer lawsuit (Petition for Declaratory Judgment ("Pet."), Doc. No. 5 at ¶¶ 6, 8). State Auto further alleges it is entitled to contribution from Evanston for its share of defense costs incurred and paid on behalf of Buff Enterprises and Jason Pea under its policy. (Id. at ¶¶ 12-13) Because on a motion to dismiss, the Court accepts State Auto's allegations as true and draws all reasonable inferences in its favor, see Iqbal, 556 U.S. at 678, and because the Evanston policy is not properly before the Court, the motion to dismiss will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Evanston Insurance Company's Motion to Dismiss [9] is **DENIED.**

**IT IS FURTHER ORDERED** that within ten (10) days of the date of this Order, the parties shall submit a joint proposed scheduling plan for any discovery and filing of motions for summary judgment.

Dated this 28th day of March, 2017.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**