## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| STATE AUTO PROPERTY AND<br>CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:16-CV-1290-JAR |
| EVANSTON INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on Defendant Evanston Insurance Company's ("Evanston") fully briefed motion to dismiss Plaintiff State Auto Property and Casualty Company's ("State Auto") Petition for Declaratory Action (Doc. 9). For the reasons set forth below, Evanston's motion will be denied.

This matter arises out of a coverage dispute between State Auto and Evanston regarding whether Evanston must defend Buff Enterprises, LLC ("Buff Enterprises") and Jordan Pea ("Pea") in a pending products liability personal injury action in the Circuit Court of St. Clair County, Illinois, styled *Catherine Bauer v. 1st Phorm International, LLC, Buff Enterprises, and Jordan Pea*, Case No. 13-L-390 ("underlying lawsuit"). Specifically, State Auto is defending Buff Enterprises and Jordan Pea in the underlying lawsuit as insureds under a Business Owners Policy issued to Buff Enterprises, and Evanston is defending 1st Phorm International, LLC ("1st Phorm") under a general liability policy ("Evanston policy") issued to 1st Phorm.

In its Petition for Declaratory Judgment, State Auto alleges that the Additional Insured-Vendors endorsement ("Vendors endorsement") of the Evanston policy provides coverage to

Buff Enterprises and Jason Pea with respect to the sale of 1st Phorm's products, but that Evanston has declined to defend them in the Bauer lawsuit. (Petition for Declaratory Judgment ("Pet."), Doc. No. 5 at ¶¶ 6, 8). State Auto claims that Buff Enterprises and Pea tendered the defense of the underlying lawsuit to Evanston, but Evanston declined, and continues to decline, coverage. State Auto alleges that the Evanston policy provides coverage to Buff Enterprises and Pea. State Auto further alleges it has provided Buff Enterprises and Pea with a defense to the underlying lawsuit and is entitled to contribution from Evanston for its share of defense costs incurred. (*Id*. at ¶¶ 11-13).

In its motion to dismiss, Evanston argues there is no coverage for Buff Enterprises and Pea because (1) they did not sell any product; (2) their acts allegedly caused or contributed to Bauer's injury; and (3) they relabeled the products. (Doc. 5). In response, State Auto argues that Evanston cannot avoid its duty to defend Buff Enterprises and Pea unless it can prove that there is no possibility of coverage. (Doc. 13 at 3). It argues that Evanston cannot prevail because the Petition for Declaratory Judgment has alleged facts that give rise to a claim potentially within the Evanston policy. (*Id.*).

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the sufficiency of the plaintiff's petition. *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). In ruling on a motion to dismiss, the Court "accept[s] the allegations contained in the complaint as true and draw[s] all reasonable inferences in favor of the nonmoving party." *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The court tests the sufficiency of a petition for declaratory judgment not by determining whether plaintiff is entitled to the relief prayed for, but by asking whether it is entitled to a

declaration of rights or status on the facts pleaded.  *State ex rel. Petti v. Goodwin-Raftery*, 190 S.W.3d 501, 504 (Mo. Ct. App. 2006); *Farm Fire & Cas. Co. v. Alberici*, 852 S.W.2d 388, 389 (Mo. Ct. App. 1993).  The petition alone is considered (*id.*), and it must state facts which support the plaintiff's allegations and demonstrate a justiciable controversy (*Goodwin-Raftery*, 190 S.W.3d at 504).  The Court accepts as true "all of the well-pleaded facts and their concomitant reasonable inferences, ignoring all conclusions."  *Teat v. Director of Revenue*, 806 S.W.2d 754, 757 (Mo. Ct. App. 1991).

Upon review of the Petition and memoranda pertaining to the present motion to dismiss, the Court finds that dismissal is not appropriate at this time.  At the motion to dismiss stage, the only issue before the Court is whether the petition states a cause of action that is plausible on its face.  Here, State Auto sets forth the provisions of the Evanston policy that it claims provides coverage to Buff Enterprises and Pea in the underlying lawsuit.  Accepting all as true the facts in the Petition, it is plausible that the provisions of the Evanston policy could provide coverage to Buff Enterprises and Pea.

Furthermore, State Auto properly alleged that Buff Enterprises and Pea claimed there was coverage and that they tendered the defense of the underlying action.  The Petition alleged that Evanston refused coverage and that State Auto disagrees with Evanston's interpretation of the policy.  *See generally Alberici*, 852 S.W.2d at 389.  Upon these averments, State Auto stated a claim sufficient for the Court to declare the rights of the parties in light of the Evanston policy.  Such a declaration might, of course, include a finding that Evanston has no duty to defend Buff Enterprises or Pea in the underlying action.

In the motion to dismiss and response thereto, the parties argue the merits of whether the Evanston policy provides coverage to Pea and Buff Enterprises in the underlying lawsuit.

However, those considerations are more appropriate for a motion for summary judgment.  The Court does not, at this stage, determine whether State Auto is entitled to the relief sought.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Evanston Insurance Company's Motion to Dismiss [9] is **DENIED.**

**IT IS FURTHER ORDERED** that within **ten (10) days** of the date of this Order, the parties shall submit a proposed scheduling plan for any discovery and filing of motions for summary judgment.

Dated this 25th day of July, 2017.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

4